OPINION OF THE COURT — by the
How. A. MONTGOMERY.
The action in the court below was founded upon án agreement in writ ' ting, by which the appellant agreed, in consideration, that he had given his “own note to the appellee for $2,850, due the 1st of January, 1830, and ; also transferred to him William Henderson’s note for $2,350, due 1st January, 1830, he, {the appellant,) would pay the appellee $200, in case the ' said notes should not be paid, on or before the lOllrday of January, 1830. There were other conditions and stipulations, not necessary to notice, as 'they have no hearing on the questions involved in this case. If this was 'simyly a contract to pay a sum of money, as damages for failing to pay a -debt when it became due, there is no doubt it would be a nudum pactum. *517 As the law has established the amount of damages which shall be paid for withholding the payment of a debt, from the time it becomes due, until paid, which are recoverable on the original contract, and forbids the parties to stipulate for any greater rate of damages, the collateral contract to pay a greater amount of damages on such failure, is without consideration and void; 1 Hen. Blackstone, 227.
But the contract, in this case, extends' further, and stipulates for the ■punctual payment of the debt of a third person, and a person may, for a valuable consideration, bind himself to pay damages in case a third person shall fail to pay a debt by a particular day. And hence the question very properly arises, under this secondary view of the case, whether this be a contract for stipulated damages, or a penalty?
It is sometimes difficult to determine the fair distinction between a contract for stipulated damages, and a penalty; but, in this case, no such difficulty presents itself, as this is not a contract to do an act, the-non-performance of which could justify a stipulation for specific ^damages, because the law has prescribed the measure of damages, beyond which the parties are not at liberty to contract; consequently, the appellant was only liable, under this agreement, to pay the amount due on William Henderson’s note, with legal interest, from the tenth of January, 1830, until the time of the judgment, and not the whole amount of the contract.
Judgment below reversed, and cause remanded for further proceedings.
The judgment on demurrer should not have been rendered for the full ¡amount of plaintiff’s claim, but a writ of inquiry should have been executed, and judgment rendered for the damages assessed by the jury.
Judges Turner, Nicholson and Smith concur.